# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Rivera, | ) |
|                Plaintiff, | ) Civil Action No.: 8:17-cv-02087-JMC |
| v. | ) **ORDER AND OPINION** |
| Bryan P. Stirling, Director;<br>Mrs. Trulls, Nurse;<br>Karal Berry, Health Services;<br>Mr. Stephon, Warden;<br>Mrs. Tracy James, Nurse, | ) |
|                Defendants. | ) |

      Kenneth Rivera ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the McCormick Correctional Institution, and he files this action requesting to proceed *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 7), filed October 30, 2017, recommending that Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) against Defendants Bryan P. Stirling, Mrs. Trulls, Karal Berry, Mr. Stephon, and Mrs. Tracy James (collectively "Defendants") be granted only to the extent that Plaintiff is permitted to proceed on his § 1983 claim related to deliberate indifference to his repeated migraine headaches and the denial of his migraine medicine, and that the remaining claims should be dismissed without prejudice unless Plaintiff timely pays the full filing fee.

      For the reasons stated herein, the court **ACCEPTS** the findings of the Report. Therefore, the court **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) to the extent that Plaintiff is permitted to proceed on his § 1983 claim related to deliberate indifference to his

repeated migraine headaches and the denial of his migraine medicine, and the court will **DISMISS** the remaining claims without prejudice unless Plaintiff timely pays the full filing fee.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that during April to May of 2017, Plaintiff had repeated migraine headaches, and South Carolina Department of Corrections' ("SCDC") medical personnel only gave him two of his pills despite Plaintiff being prescribed nine pills per month. (ECF No. 7 at 1.) Plaintiff went to the pill line window and asked for migraine medication, but Nurse Trulls refused his request stating that officers have to call the nurse in order for Plaintiff to receive his medication. (ECF No. 1 at 3.) Plaintiff further alleges this refusal violated policy because the pill line was open. (*Id.*) Furthermore, Plaintiff alleges he believes that his constant migraines are "due to chronic insomnia or traumatic brain injury." (ECF No. 7 at 2.) He has requested that Defendants permit him to be examined for traumatic brain injury and treated for insomnia; they have refused because "SCDC does not treat insomnia," and they do not believe he needs to be examined for traumatic brain injury. (*Id.*) Plaintiff filed timely Objections on September 18, 2017. (ECF No. 9.)

## II. LEGAL STANDARD

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instruction 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

Plaintiff filed this action requesting to proceed *in forma pauperis* seeking damages and injunctive relief for not receiving medical treatment and his migraine medication. (ECF Nos. 1, 2.) The Magistrate Judge recommends that Plaintiff's Motion to Proceed *in forma pauperis* be granted only to the extent that Plaintiff is permitted to proceed on his § 1983 claim related to deliberate indifference to his repeated migraine headaches and the denial of his migraine medicine, and that the remaining claims should be dismissed without prejudice unless Plaintiff timely pays the full filing fee. (ECF No. 7.)

1. 28 U.S.C. § 1915(g) – Proceeding *in forma pauperis*: "Three Strike" Rule

Plaintiff objects to the Report and alleges that pending actions were used to reach his "three strike" limit which resulted in the required payment of the full filing fee for the part of his action not allowed to proceed under 28 U.S.C. § 1915(g). (ECF No. 9.)

Pursuant to 28 U.S.C. § 1915(g), if a "prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief can be granted," the prisoner is unable to proceed under section 1915 unless "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This "three strike" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. However, all civil law suits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

To date, Plaintiff has accumulated at least three strikes pursuant to section 1915(g).[1] Accordingly, Plaintiff is unable to proceed *in forma pauperis* with part of his claim in this court because part of the claim does not sufficiently allege imminent danger of serious physical injury.

2. 28 U.S.C. § 1915(g) – Proceeding *in forma pauperis*: Imminent Danger Exception

Plaintiff objects to the Report and alleges he "suffers from 'Traumatic Brain Injury' in which his migraines derive from." (ECF No. 9.) Plaintiff believes that by SCDC refusing to examine him for Traumatic Brain Injury and not treating his self-diagnosed insomnia he meets the imminent danger exception to the three-strike rule. (*Id.*)

Pursuant to 28 U.S.C. § 1915(g), a prisoner is unable to proceed under section 1915 unless the inmate is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The determination as to whether a prisoner is in imminent danger of serious physical injury must be made as of the time that he or she seeks to file the complaint or notice of appeal. 8 Fed. Proc., L. Ed. § 20:381. A plaintiff is required to make specific, credible allegations of imminent danger of serous physical harm. *Id.* The allegation must have an adequate nexus between the imminent danger alleged and the legal claims asserted in the prisoner's complaint. *Id.* Such a nexus exists when the danger is fairly traceable to the violation of law alleged in the complaint. *Id.* However, the imminent-danger allegation need not be accompanied by allegations of an existing serious physical injury; it is sufficient that the condition poses an imminent danger of serious physical injury. *Id.*

In light of his "strikes," Plaintiff cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. *See* U.S.C.

---

[1] This court takes judicial notice of the Order filed in *Rivera v. Stirling*, C/A No. 8:16-481-JMC ECF No. 14 (D.S.C. Aug. 9, 2016). In that Order, this court explained that Plaintiff has accumulated at least three strikes pursuant to § 1915(g). *Id.*

§ 1915(g); and *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010). Upon review, one claim should proceed forward *in forma pauperis* – the § 1983 claim for future injunctive relief related to deliberate indifference with respect to denying Plaintiff his prescribed migraine medication. Liberally construed, Plaintiff alleges his migraine headaches are repeated and constant, and Defendants' refusal to give him the appropriate number of pills prescribed to treat the migraine headaches which cause Plaintiff pain and suffering. Liberally construed, this claim sufficiently alleges conduct that threatens future injury. *See Smith v. Mayes*, 358 F. App'x 411(4th Cir. 2009). This court is unable to determine as a matter of law that repeated migraine headaches cannot qualify as a "serious physical injury." *Id.* (citing *Gibbs v. Cross*, 160 F.3d 962 (3rd Cir. 1998) (related to headaches and other symptoms as a result of dust and lint exposure)). Therefore, this court agrees with the Magistrate Judge's finding and accepts the recommendation allowing Plaintiff to move forward *in forma pauperis*, as to Defendants' refusal to give Plaintiff his prescribed medication.

Plaintiff should not be permitted to proceed *in forma pauperis* regarding his remaining claims about Defendants' refusal for Plaintiff to be examined for traumatic brain injury and treated for insomnia because they do not satisfy the section 1915(g) standard of "imminent danger of serious physical injury," Plaintiff has not sufficiently alleged an adequate nexus that is fairly traceable between the imminent danger alleged and the legal claims asserted in Plaintiff's Complaint.

Additionally, while other circuits have acknowledged potential imminent danger exceptions regarding chronic illnesses, *see Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 587 (6th Cir. 2013), Plaintiff's migraine headaches do not appear to reach the appropriate

frequency that would constitute a chronic illness.² Currently, Plaintiff is prescribed nine migraine pills per month. Without any additional information, his prescription appears to fall below the standard for chronic migraines. Because Plaintiff does not appear to have a chronic illness, his requests to be examined for traumatic brain injury and treatment for insomnia do not classify as imminent danger. Plaintiff has provided no evidence that would grant a viewpoint in which his migraines would constitute a chronic illness. Therefore, this court agrees with the Magistrate Judge's finding and accepts the recommendation that the remaining claims should not be permitted to proceed *in forma pauperis*. Plaintiff may seek to litigate those claims, of course, if he pays the filing fee.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ACCEPTS** the findings of the Report. Therefore, the court **GRANTS** Plaintiffs Motion to Proceed *in forma pauperis* (ECF No. 2) to the extent that Plaintiff is permitted to proceed on his § 1983 claim related to deliberate indifference to his repeated migraine headaches and the denial of his migraine medicine, and the court will **DISMISS** the remaining claims without prejudice unless Plaintiff timely pays the full filing fee of four hundred dollars ($400) on or by July 10, 2018.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 19, 2018
Columbia, South Carolina

---

² The American Migraine Foundation has determined the threshold for chronic migraines to be fifteen or more migraines a month. Chronic Migraine, American Migraine Foundation (May 25, 2018, 12:44 PM), https://americanmigrainefoundation.org/understanding-migraine/chronic-migraine/.

6