IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera, *a/k/a Kenneth D. Rivera*, *a/k/a Kenneth Rivera*, | ) ) ) |
| Plaintiff, | ) ) Civil Action No.: 8:17-cv-02087-JMC |
| v. | ) ) ) **ORDER** |
| Bryan P. Stirling, Mrs. Trulls, Karal Berry, Mr. Stephon, | ) ) ) ) |
| Defendants. | ) ) ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 6, 2019 (ECF No. 67). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Defendants Bryan P. Stirling, Mrs. Trulls, Karal Berry, and Mr. Stephon's (collectively, "Defendants") Motions for Summary Judgment (ECF Nos. 54, 57).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 67 at 1–11.) On August 7, 2017, Plaintiff Kenneth Syncere Rivera, proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action against Defendants. (ECF No. 1.) Plaintiff alleges that Defendants, with deliberate indifference and in violation of South Carolina Department of Corrections policy and the Eighth Amendment, denied Plaintiff his prescribed migraine medication. (*Id.* at 4–5; ECF No. 1-1 at 3–5.) On December 17 and 21, 2018, Defendants filed Motions for Summary Judgment. (ECF Nos. 54, 57.) Also on

1

December 21, 2018, the Magistrate Judge entered a *Roseboro*[1] order, advising Plaintiff of the summary judgment procedures and the consequences of failing to adequately respond. (ECF No. 59.) On January 4, 2019, Plaintiff filed a Response to Defendants' Motions. (ECF No. 61.)

The Magistrate Judge entered her Report on March 6, 2019. (ECF No. 67.) The Magistrate Judge found "Plaintiff's request for medication in the pill line was properly denied pursuant to prison policy, and nothing in the record suggests that those actions were the result of deliberate indifference to Plaintiff's medical needs rather than simple adherence to prison policy." (*Id.* at 12.) Accordingly, the Magistrate Judge recommends granting Defendants' Motions for Summary Judgment. (*Id.* at 12.) Plaintiff filed Objections to the Report on, March 18, 2019. (ECF No. 69.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Also, the court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be

---

[1] In *Roseboro v. Garrison*, the United States Court of Appeals for the Fourth Circuit held that district courts are required to provide pro se litigants with an explanation of summary judgment procedures. 528 F.2d 309, 310 (4th Cir. 1975).

held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).

### III. DISCUSSION

On March 6, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file *specific*, written objections by March 20, 2019. (ECF No. 67-1.) Plaintiff's Objections restate arguments he advanced in his Complaint and, therefore, "do not direct the court to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. In the absence of *specific* objections to the Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent specific objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note); *Orpiano*, 687 F.2d at 47 ("Courts have also held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Additionally, if a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, construing Plaintiff's Objections liberally, the court finds he failed to advance any *specific* objections to the Magistrate Judge's Report, and the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 67) and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 54, 57).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 29, 2019
Columbia, South Carolina